Filed 9/29/21  P. v. Munguia CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078641 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF132924) |
| SALVADOR MUNGUIA, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

This case arises from the trial court's denial of a petition for resentencing under Penal Code section 1170.95.[1] We will again address the questions of whether that section applies to persons who have been convicted of attempted murder and whether denying access to section 1170.95 relief to such persons would deny equal protection. We will follow the uniform holdings of the Courts of Appeal that section 1170.95 does not apply to convictions for attempted murder and such conclusion does not implicate equal protection. We are aware our Supreme Court has granted review in a number of appeals on these issues. Ultimately, the court will provide guidance. Pending further direction from the high court, we will follow the analysis of the appellate courts.

## PROCEDURAL BACKGROUND[2]

In 2009, a jury convicted Munguia and his co-defendant of attempted murder (§§ 664/187, subd. (a)); assault with force likely to produce great bodily injury (§ 245, subd. (a)(1); and actively participating in a criminal street gang (§ 186.22, subd. (a)). The jury also found the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that Munguia was a principal and that a principal personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) & (e)). Munguia was sentenced to an indeterminate term of 25 years to life plus seven years in prison.

Munguia appealed, and this court affirmed the judgment in an unpublished opinion, *People v. Munguia et al.* (Dec. 21, 2010, D056080).

---

[1] All further statutory references are to the Penal Code.

[2] The issues presented here are questions of law. The facts of the underlying offenses are not relevant to our analysis.

In 2020, Munguia filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition on the grounds section 1170.95 does not apply to convictions for attempted murder.

Munguia appeals contending the court and all of the appellate court opinions on the question of the applicability of section 1170.95 to attempted murder convictions are wrong. We disagree and will find the court correctly found Munguia ineligible for resentencing as a matter of law.

## DISCUSSION

Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) was enacted to "amend[ ] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

The legislation modified sections 188 and 189 to modify the manner in which malice aforethought is to be proved. The act also created section 1170.95 to provide an opportunity for persons already convicted of murder to seek resentencing if their convictions were on a now impermissible theory of liability for murder. (*People v. Lewis* (2021) 11 Cal.5th 952.)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good

3

cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Thus, there are two different applications of the modification to the law of murder as enacted by Senate Bill 1437. The first are changes that impact future prosecutions and the manner in which malice may be proved. The second approach, as represented by this appeal, is potential resentencing for persons already convicted of murder. At the prima facie stage of review of a petition for resentencing, courts may summarily deny the petition where the person is not eligible as a matter of law. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 970-971.)

The Courts of Appeal are divided on the question of whether Senate Bill 1437 impacts future prosecutions for attempted murder. However, the courts have consistently held section 1170.95 is specific to murder convictions only and that persons convicted of attempted murder are not eligible for resentencing under the statute. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105, review granted Nov. 13, 2019, S258175; *People v. Larios* (2019) 42 Cal.App.5th 956, 968-970, review granted Feb. 26, 2020, S259983; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted Nov. 26, 2019, S258234; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016-1018, review granted Mar. 11, 2020 S259948; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222-225.) The courts also have determined that the exclusion of an attempted murder conviction from the application of section 1170.95 does not violate equal protection. (*Lopez*, at pp. 1109-1112; *People v. Munoz*, at pp. 760-768.)

We think these cases have accurately assessed the applicability of section 1170.95 to past convictions for attempted murder. Pending different directions from the Supreme Court, we will follow the existing Court of

Appeal decisions and affirm the trial court's summary denial of Munguia's petition for resentencing.

DISPOSITION

The order denying Munguia's petition for resentencing is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


DO, J.